OPINION OF THE COURT
Sidney Slayton, J.
1. Arguments by counsel were devoted to the issue of determining constitutionality of Local Laws, 1985, No. 3, § 2 of the Township of Woodstock, County of Ulster: namely, "A Local Law regulating public possession and consumption of alcoholic beverages”.
2. At issue is the question of intent. Section 2 states "No person shall have in his possession with the intent of the said possessor or another to consume the contents thereof in a place hereinafter prescribed any open or unsealed bottle, can, or container containing liquor, beer, wine or other alcoholic beverage while such person is on any public highway, public street, public parking area or in any vehicle or public place excepting those premises duly licensed for the sale and consumption of alcoholic beverages on the premises whatsoever in said Town, except as hereinafter provided”.
3. The People quote People v Pagnotta (25 NY2d 333) to bolster their case. The Court of Appeals held that this statute on loitering is not unlawful on theory on vagueness and lack of proper purpose and did not punish defendant for bare desire to commit a criminal act.
Defendants were apprehended with needle, eyedropper, cooker, and apparently heroin ready for use. Possession of *324 narcotic implements would support no other inference than guilt of violation of statute prohibiting loitering for the purpose of unlawfully using or possessing any narcotic drug. (Penal Law of 1909 § 1533 [5].)
This court believes that People v Pagnotta (supra) confounds the prosecution’s case and does not enhance it.
In the Pagnotta case (supra), the demarcation between the issue of innocent conduct and action calculated to cause harm is clearly delineated.
The possession of illegal apparatus to administer drugs is in complete violation of law. (Penal Law of 1909 § 1533 [5].)
In Pagnotta (supra), the hypothesis of guilt flows naturally from and is consistent with all the facts. These facts are clearly inconsistent with innocence and exclude to a moral certainty every hypothesis but guilt. (People v Wachowicz, 22 NY2d 369, 372.)
4. How does the case before bar differ from Pagnotta (supra)?
(a) Unlike drugs and drug paraphernalia, possession of alcoholic beverages, in and of themselves, is legal in the eyes of the law.
(b) Unlike drugs, alcohol has social acceptability. Mere possession connotes no criminal intent. Nabob and beggar, priest and heretic, honest man and thief alike may drink alcohol.
5. In Pagnotta (supra), the mere possession of drug paraphernalia is sufficient to demonstrate intent.
What reasonable person can doubt that the accoutrements for drug use are for any other purpose than drug use?
In the case at bar, what reasonable person can say that any person carrying an unsealed container of an alcoholic beverage is intent upon drinking this alcohol publicly in violation of this ordinance?
(a) What about the proud maker of wine who bears a corked (but unsealed) bottle of wine as a house gift to his neighbor?
(b) What about the social get-together of ordinary people, of picnics, of barbecues, of neighborly gatherings where food and drink is provided and shared by all for all? This is as American and as prevalent as apple pie.
While, of course, a container must be opened or unsealed to permit consumption, it cannot be presumed that every opening or unsealing is for the purpose of direct human consump *325 tion or least of all, intended, for human consumption in a public place.
6. This court believes that section 2 of this town ordinance fails to meet constitutional standards in that it fails to distinguish between innocent conduct and action which is calculated to cause harm and is therefore void because of vagueness.